UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| United States of America, | |
| Plaintiff, | Case No. 21-cr-20672 |
| v. | Hon. Shalina D. Kumar |
| | United States District Judge |
| D-1 Shelby L. Sharp, | |
| Defendant. | |

### UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

Defendant Shelby Sharp has pleaded guilty to possessing methamphetamine with the intent to distribute. She has stipulated to doing so three times. And each time law enforcement caught her with methamphetamine, she had guns with her. All told, Sharp's offenses involve four guns and nearly 100 grams of methamphetamine. Her sentencing guidelines range is 51–63 months. In light of the factors set forth in 18 U.S.C. § 3553(a), the United States seeks a sentence within that range.

I.        **Sentence Considerations**

In determining defendant's sentence, the Court must consider the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentence should reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes by the defendant, among other factors. 18 U.S.C. § 3553(a)(2). Although advisory, the sentencing guidelines are the "starting point" and "initial benchmark" for the sentence, which should be sufficient, but not greater than necessary to comply with the purposes of § 3553(a)(2). *United States v. Booker*, 543 U.S. 220 (2005); *Gall v. United States*, 552 U.S. 38, 49 (2007).

        A.        **Sentencing Guidelines Calculations.**

Sharp has pled guilty to Count Four of the indictment, which charges her with possessing methamphetamine with the intent to distribute. (PSR ¶¶ 1, 6). Her criminal history score is two, which places her into criminal history category II. (PSR ¶ 40). Her base offense level is 24 for the methamphetamine that she possessed, enhanced two levels for possessing a firearm. (PSR ¶¶ 24, 25). Her adjusted offense level of 26 is reduced by three levels for acceptance of responsibility. (PSR ¶¶ 29, 31–33). A total offense level of 23 combined with criminal history category II yields a guideline range of **51–63** months. (PSR ¶ 73).

**B.     The Nature of the Offenses.**

On December 31, 2019, Sharp and codefendant Steffon Bullock got into a car carrying guns loaded with ammunition. (PSR ¶¶ 10–13). Sharp also possessed with the intent to distribute about 40 grams of methamphetamine. (ECF No. 43, PageID.120.) She was the passenger in a car that the state police pulled over for a driving infraction. (*Id*.). Inside her purse, Sharp had a Denali, .38 caliber semi-automatic pistol and a digital scale. (*Id*.). Directly under her (front passenger) seat, Sharp had three baggies of methamphetamine that she intended on delivering to another person. (*Id*.). The combined weight of the methamphetamine in these three baggies was about 40 grams. (*Id*.).

On January 4, 2021, Sharp possessed about 31 grams of methamphetamine that she intended on distributing. (ECF No. 43, PageID.121.) She was a passenger in a car that the state police pulled over for a driving infraction. (*Id*.). She had about 31 grams of methamphetamine in a Taco Bell wrapper near her feet on the front passenger floorboard. (*Id*.). Inside her bag on the backseat, Sharp had a pink, Charter Arms, .38 caliber revolver and a digital scale. (*Id*.). She also had a Taurus, .40 caliber semi-automatic pistol underneath the front passenger seat. (*Id*.).

Three months later, Sharp again was a passenger in a car that the state police pulled over. (ECF No. 43, PageID.119–120). Inside her purse, she had about

27 grams of methamphetamine that she intended on distributing to others, a loaded Ruger .22 caliber pistol with an obliterated serial number, and $2,537 in cash. (*Id.*).

All told, Sharp's offenses involve four guns and nearly 100 grams of methamphetamine.

### C. History and Characteristics.

Sharp is 28 years old, single, and the mother of two young children. (PSR ¶¶ 47, 51). She has not, however, been a part of her children's lives for about five years and has not seen them since 2020—a case to terminate her parental rights is pending. (PSR ¶¶ 51, 52). Sharp attained a GED while in jail, after she dropped out of school in the 11th grade. (PSR ¶¶ 63, 64). Her personal challenges include depression, post-traumatic stress disorder, and addiction to methamphetamine. (PSR ¶¶ 57, 60, 62). Her self-reported drug abuse screen showed that she has a "severe" substance abuse disorder. (PSR ¶ 62).

Sharp's criminal history begins when she was 17 years old, in 2013, with a conviction for domestic violence. (PSR ¶ 35). The following year, she received HYTA for retail fraud. (PSR ¶ 36). Her most serious conviction is for conspiracy to recklessly use a firearm, in 2020. (PSR ¶ 39). Originally charged with the felony offense of carrying a concealed weapon, she pleaded guilty to the misdemeanor offense even though she did not actually fire the weapon. (*Id.*). Instead, she had a 9mm handgun—loaded with ten rounds—in a gym bag inside her car. (*Id.*). The

4

police found it during a traffic stop. (*Id.*). And although not convicted of drug offenses, Sharp has used methamphetamine daily, starting about four years ago, for stretches of time. (PSR ¶ 60).

### D. Seriousness of the offense, deterrence, and protection of the public.

Distributing methamphetamine is a serious offense. This is reflected by the significant maximum penalty of twenty years that Congress has imposed. "The circulation of addictive drugs such as cocaine presents a grave danger to the community's health and wellbeing." *United States v. Catchings*, No. 12-20372, 2021 WL 3417912, at *4 (E.D. Mich. Aug. 5, 2021). The same holds true for an addictive drug like methamphetamine. Aggravating that grave danger, Sharp possessed loaded firearms all three times that the police caught her transporting her methamphetamine supply. These facts alone show that she presents a danger to public safety. And "[d]espite repeated contacts with law enforcement, Sharp did not stop her behavior and is being held accountable for over 97 grams of methamphetamine." (PSR ¶ 93). These repeated contacts include the time her carrying-a-concealed-weapon charge was reduced to the misdemeanor count of conspiring to recklessly use a firearm.

What elevates Sharp's case from that of the typical addict turned drug dealer is her repeated possession of firearms. This fact also ratchets up the danger she poses to the community because armed drug dealers threaten public safety more

5

than unarmed ones do. And her severe addiction should not be underestimated either. She admitted that she used methamphetamine daily, for stretches of time, over a four-year period. This addiction was evidently so strong that it overrode her yearning to be sober and present for her children during their formative years. So, although she has made some recent progress (PSR ¶ 61) in addressing her addiction, it would be a mistake to sentence her as if her sobriety mission were accomplished. A custodial sentence is therefore necessary to provide her with sustained Bureau of Prisons' treatment that can effectively offset years of severe addiction. A significant custodial sentence is also necessary to achieve other § 3553(a) factors: to provide general and specific deterrence, to promote respect for the law, to protect the public from further crimes, and to provide a just punishment considering *all* her criminal conduct.

## II. Conclusion

The government recommends a sentence of 51 months based on the factors set forth in 18 U.S.C. § 3553. The government also requests a term of three years supervision to follow the term of incarceration.

Respectfully submitted,

DAWN N. ISON
United States Attorney

Dated: March 6, 2023

s/BLAINE LONGSWORTH
Blaine Longsworth (P55984)
Assistant United States Attorney
600 Church Street | Flint, Michigan 48502
Telephone: (810) 766-5031
Email: blaine.longsworth@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

All Attorneys of Record

Dated: March 8, 2023

s/ Kristi Bashaw, Legal Assistant
United States Attorney's Office